IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ASTER TELESOLUTIONS, INC.,             )
                                       )
                 Plaintiff,            )
                                       )
        v.                             )   No.  06 C 2144
                                       )
PREMIER TECHNICAL SOLUTIONS            )
INCORPORATED,                          )
                                       )
                 Defendant.            )

MEMORANDUM ORDER

Premier Technical Solutions, Inc. ("Premier") has filed its Answer in this diversity of citizenship action seeking damages against it. This memorandum order is issued sua sponte to deal with a few problematic aspects of that responsive pleading.

To begin with, Answer ¶¶1 and 3, though faithful to the requirements of Fed. R. Civ. P. ("Rule") 8(b)'s second sentence for obtaining the benefit of a deemed denial, then go on to say "and neither admits nor denies them, but demands strict proof thereof." What precedes the comma in that quoted language is needless surplusage, while what follows the comma is meaningless and plays no proper role in federal pleading--in the latter respect, see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Hence the quoted language is stricken from both paragraphs.

More importantly, Answer ¶7 denies the corresponding allegations in Complaint ¶7 "on the basis that they state a legal conclusion, and are not allegations of fact." That is simply

wrong and hence impermissible--see App. ¶2 to <u>State Farm</u>. Indeed, Premier has no business denying the propriety of venue in this judicial district in light of what it has already admitted as to its own residence here (see 28 U.S.C. §1391(b)). Accordingly Premier's denial of Complaint ¶7 is stricken, and it is instead held to have admitted the allegations in that paragraph in their entirety.

Finally, Answer ¶11 denies the corresponding Complaint allegation in its entirety, but the basis for doing so is unclear. In that respect, Complaint Ex. A provides a tabulation of invoices, identified by invoice numbers, that total the amount alleged in Complaint ¶11. Although the balance of Premier's Answer identifies the existence of a dispute between the parties, the mere fact of Aster's having <u>billed</u> Premier would not appear to fall in that category. Accordingly Premier's counsel must file a clarifying amendment to the Answer in that respect on or before June 9, 2006.

                                                *[signature]*
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: May 26, 2006